```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
TRACY ELDRIDGE,
                              *
     Plaintiff,
                              *
v.                                   CIVIL NO.: WDQ-06-354
                              *
A&S COLLECTION ASSOCIATES,
INCORPORATED,                 *

     Defendants.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Tracy Eldridge has sued A&S Collection Associates ("A&S") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Annotated Code of Maryland, Com. Law, § 14-201, *et seq.*; and for invasion of her personal privacy. Pending is Eldridge's motion to voluntarily dismiss her claims with prejudice.

I.   Background

On February 13, 2006, Eldridge filed suit alleging that A&S had violated the FDCPA, the MCDCA and invaded her personal privacy in its attempts to collect a debt she owed. On March 10, 2006, A&S answered the Complaint. On June 7, 2006, Eldridge moved to voluntarily dismiss the Complaint with prejudice because "the expense of continuing to pursue this litigation is no longer

in the best interests of the Plaintiff."

A&S does not oppose the motion, but has moved for attorney's fees, arguing that the Complaint was brought in bad faith and for the purposes of harassment.

II. Analysis

A. Motion to Voluntarily Dismiss the Complaint

Under Federal Rule of Civil Procedure 41(a)(2), after a defendant has answered a complaint, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  FRCP 41(a)(2).

As A&S has not opposed Eldridge's motion to dismiss her Complaint with prejudice, it will be granted.

B. Motion for Attorney's Fees

Under the FDCPA, "on a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692k(a)(3).

A&S, however, has offered no evidence that the Complaint was brought in bad faith or for the purpose of harassment other than the fact that Eldridge has chosen to dismiss it.  Accordingly,

attorney's fees will not be awarded.


<u>July 6, 2006</u>                                          <u>        /s/                </u>
Date                                                William D. Quarles, Jr.
                                                    United States District Judge